UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SAM IKKURTY A/K/A SREENIVAS I RAO, RAVISHANKAR AVADHANAM, AND JAFIA LLC**<br><br>Defendants,<br><br>**IKKURTY CAPITAL, LLC D/B/A ROSE CITY INCOME FUND I, ROSE CITY INCOME FUND II LP, SENECA VENTURES, LLC,**<br><br>Relief Defendants. | Case No.: 22-cv-2465 |

## STATUTORY RESTRAINING ORDER

Having read the Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") filed by Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission"), Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order ("Motion"), the Memorandum of Law in Support of Plaintiff's Emergency Motions for an *Ex Parte* Statutory Restraining Order, Appointment of a Temporary Receiver and Preliminary Injunction submitted in support of the Motion ("Memorandum") and the declaration and attachments thereto, and being fully advised in the premises,

**THE COURT FINDS:**

1

1.      This Court has jurisdiction over Defendants Jafia, LLC ("Jafia") Sam Ikkurty a/k/a Sreenivas I Rao ("Ikkurty") and Ravishankar Avadhanam ("Avadhanam"), and Relief Defendants Ikkurty Capital, LLC d/b/a Rose City Income Fund I ("Rose City I"), Rose City Income Fund II LP ("Rose City") and Seneca Ventures, LLC ("Seneca Ventures") and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2018), which authorizes this Court to enter a statutory restraining order against the Defendants and Relief Defendants.

2.      Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3.      There is good cause to believe Defendants have engaged, are engaging, and/or are about to engage in violations of the Act. Specifically, it appears Defendants have violated Sections 4*o*(1)(A) and (B), 4m(1) and 6(c)(1) of the Act, 7 U.S.C. §§ 6*o*(1)(A) and (B), 6m(1), 9(1) (2018), and Regulation 180.1, 17 C.F.R. § 180.1(a).

4.      There is good cause to believe that Relief Defendants are in possession of ill-gotten gains.

5.      There is good cause to believe immediate and irreparable harm to the Court's ability to grant effective final relief to Defendants' customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by the Defendants and Relief Defendants of their assets or destruction of records unless the Defendants and Relief Defendants are immediately restrained and enjoined by order of this Court. Accordingly, there is good cause to issue this Order.

# **ORDER**

## **DEFINITIONS**

For the purposes of this Order, the following definitions apply:

6. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

7. "Document" is synonymous in meaning and equal in scope to the usage of the term in FED. R. CIV. P. 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8. "Ikkurty" refers to Defendant Sam Ikkurty a/k/a Sreenivas I Rao, and all persons insofar as they are acting in the capacity of Ikkurty's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Ikkurty who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

9. "Avadhanam" refers to Defendant Ravishankar Avadhanam, and all persons insofar as they are acting in the capacity of Avadhanam's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or

participation with Avadhanam who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

10. "Jafia" refers to Defendant Jafia, LLC, and all persons insofar as they are acting in the capacity of Jafia's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Jafia who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

11. "Defendants" refers to Ikkurty, Avadhanam and Jafia.

12. "Rose City I" refers to Relief Defendant Ikkurty Capital, LLC d/b/a Rose City Income Fund I, and all persons insofar as they are acting in the capacity of Rose City I's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Rose City I who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

13. "Rose City" refers to Relief Defendant Rose City Income Fund II LP, and all persons insofar as they are acting in the capacity of Rose City's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Rose City who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

14. "Seneca Ventures" refers to Relief Defendant Seneca Ventures, LLC, and all persons insofar as they are acting in the capacity of Seneca Ventures' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Seneca Ventures who receive actual notice of this Order by personal

service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

15. "Relief Defendants" refers to Rose City I, Rose City and Seneca Ventures.

## **RELIEF GRANTED**

### **I. ASSET FREEZE**

**IT IS HEREBY ORDERED** that the Defendants and Relief Defendants are restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as ordered by the Court. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order, as well as accounts not specifically identified below.

**IT IS FURTHER ORDERED** that, pending further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of the Defendants and/or Relief Defendants, or has held, controlled, or maintained custody of any funds, assets, or other property of the Defendants and/or Relief Defendants or any of Defendants' participants and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. prohibit the Defendants and Relief Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as directed by further order of the Court;

B. deny the Defendants and Relief Defendants and any other person access to any safe deposit box that is:

1. titled in the name of or maintained by Defendants and/or Relief Defendants, whether individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Defendants and/or Relief Defendants; or

2. otherwise subject to the control of or access by the Defendants and/or Relief Defendants; and

C. cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to the Defendants' and Relief Defendants' accounts and trading activities.

## II. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendants.

## III. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may

be situated and whether they are in the possession of Defendants or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

**IT IS FURTHER ORDERED** that to facilitate the inspection of business activities, and business and personal finances of Defendants and Relief Defendants that is electronically stored information the Commission shall be allowed to take steps to inspect such records from an offsite location or remotely, as follows:

a. Delivery. The Commission shall be allowed to inspect hard-copy documents and electronically stored information by having any Defendant or Relief Defendant deliver, by mail or private carrier service, hard copy documents or devices containing electronically stored information. The Commission will provide for the expense of delivery each way. Once the Commission has collected and forensically copied hard-copy documents or electronically stored information, the Commission shall promptly return the original hard-copy documents and devices containing electronically stored information. For devices containing electronically stored information, Defendants and Relief Defendants shall, absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, promptly provide Commission staff with all usernames and passwords needed to access, collect, and copy records relating or referring to the business activities or business or personal finances of the Defendant and Relief Defendant.

b. Remotely.

   **I.** Remote Hard Copy. The Commission shall be allowed to inspect hard-copy documents by having any Defendant or Relief Defendant

7

electronically scan hard-copy documents and send the electronic scan to the Commission. The scan should adhere to the Commission's Data Delivery Standards, including but not limited to that black and white images must be 300 DPI Group IV single page TIFF files, and color images must be produced in JPEG format.

    II.  Remote Device. The Commission shall be allowed to inspect electronically stored information by providing to any Defendant or Relief Defendant a device that will facilitate the logical collection and copying of electronically stored information, and Defendants and Relief Defendants will execute that collection and copying. After the logical collection and copying, Defendants or Relief Defendants shall return and deliver the device back to the Commission. The Commission will provide for the expense of delivery for each device each way. Defendants and Relief Defendants shall, absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, promptly provide Commission staff with all usernames and passwords needed to access, collect, and copy records relating or referring to the business activities or business or personal finances of the Defendants and Relief Defendants on a remote device.

c. Cloud Storage or Service. The Commission shall be allowed to inspect by collecting and copying electronically stored information in cloud storage or service, including but not limited to cloud email accounts, electronic files,

websites, and software as a service. Defendants and Relief Defendants shall, absent a valid assertion of their respective rights against self-incrimination under the Fifth Amendment, promptly provide Commission staff with all usernames and passwords needed to access, collect, and copy records relating or referring to the business activities or business or personal finances of the Defendants and Relief Defendants in cloud storage.

## IV. SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALS SERVICE

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants and/or Relief Defendants or that may be subject to any provision of this Order. Employees of the CFTC are hereby specially appointed to serve process, including of this Order and all other papers in this case.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service or agents of the Department of Justice as well as local law enforcement are directed to assist the CFTC with service of process, including of the Summons and Complaint and all other papers in this case, as well as assist the CFTC with taking control and custody of the assets, records, and business premises of the Defendants and Relief Defendants.

## V. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT** pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2018), no bond need be posted by the CFTC, which is an agency of the United States of America.

## VI. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Candice Haan, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 77 West Jackson Boulevard, Suite 800, Chicago, Illinois, 60604, chaan@cftc.gov, and/or by filing such pleadings or other materials electronically with the Court.

## VII. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## VIII. FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that this matter is set for a status hearing on May 25, 2022 at 10:00am.

**IT IS SO ORDERED**.

_____
**U.S. District Court Judge**

10