UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **SAM IKKURTY A/K/A SREENIVAS I RAO, RAVISHANKAR AVADHANAM AND JAFIA LLC,** <br><br> Defendants, <br><br> **IKKURTY CAPITAL, LLC D/B/A ROSE CITY INCOME FUND I, ROSE CITY INCOME FUND II LP, SENECA VENTURES, LLC,** <br><br> Relief Defendants. | Case No.: 22-cv-2465 |

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Emergency Motion for Appointment of a Temporary Receiver (the "Motion"). The Court has reviewed the Motion and the record and is otherwise fully advised. Based on the Commodity Futures Trading Commission's (the "Commission") allegations in the Complaint, the sworn declaration of investigator Heather Dasso and other attached evidence, the Court finds good cause to appoint a temporary receiver in this action to prevent the dissipation of assets and the destruction or alteration of records.

**IT IS THEREFORE ORDERED** that James Kopecky is appointed Temporary Receiver, with the full powers of an equity receiver, for Defendants Jafia, LLC, Sam Ikkurty a/k/a Sreenivas I Rao, and Ravishankar Avadhanam ("Defendants"), Relief Defendants Ikkurty Capital LLC d/b/a

1

Rose City Income Fund I, Rose City Income Fund II LP, and Seneca Ventures, LLC ("Relief Defendants"), and any affiliates or subsidiaries owned or controlled by Defendants or Relief Defendant (the "Receivership Defendants"), and of all the funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants (the "Receivership Estate").

**I. DUTIES AND AUTHORITY OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

A. Assume full control of the Receivership Defendants by removing Defendants and any officer, independent contractor, employee, or agent of the Receivership Defendants, from control and management of the affairs of the Receivership Defendants as the Temporary Receiver deems appropriate;

B. Take exclusive custody, control, and possession of the Receivership Estate, which includes but is not limited to complete authority to sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, contracts, financial records, funds on hand in banks and other financial institutions, and other papers and records of the Receivership Defendants and customers or clients of any of the Receivership Defendants' business activities whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants;

C. Take all steps necessary to secure the business and other premises under the control of the Receivership Defendants, including but not limited to residential and business premises located in or around Portland, Oregon and Aurora, Illinois;

D. Perform all acts necessary, including the suspension of operations, to conserve, hold, manage, and preserve the value of the Receivership Estate in order to prevent an irreparable loss, damage, or injury to any customers or clients of any of the Receivership Defendants' business activities;

E. Prevent the withdrawal or misapplication of funds entrusted to the Receivership Defendants, and otherwise protect the interests of any customers or clients of any of the Receivership Defendants' business activities;

F. Manage and administer the Receivership Defendants and the Receivership Estate by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel, suspending operations, and/or entering into agreements, including but not limited to (1) the retention and employment of investigators, attorneys or accountants, appraisers, and other independent contractors and technical specialists of the Temporary Receiver's choice, including without limitation members and employees of the Temporary Receiver firm, to assist, advise, and represent the Temporary Receiver and (2) the movement and storage of any equipment, furniture, records, files or other physical property of the Receivership Defendants;

G. Collect all money owed to the Receivership Defendants;

H. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court that the Temporary Receiver deems necessary and advisable to preserve or increase the value of the Receivership Estate or that the

Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

I. Issue subpoenas to obtain documents and records pertaining to the receivership and conduct discovery in this action on behalf of the Receivership Estate;

J. Open one or more bank accounts and deposit all funds of the Receivership Estate in such designated accounts and make all payments and disbursements from the Receivership Estate from such accounts;

K. Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, provided that the Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except for payments that the Temporary Receiver deems necessary or advisable to secure the Receivership Estate from immediate and irreparable loss; and

L. Maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories holding funds or other assets of the Receivership Estate; make such written accounts and supporting documentation available to the Commission for inspection; and, within sixty (60) days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the Receivership Estate, and otherwise perform the duties mandated by this Order.

## II. ACCOUNTING AND TRANSFER OF FUNDS AND RECORDS TO THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that, absent a valid assertion by Defendants and/or Relief Defendants of their rights against self-incrimination under the Fifth Amendment, each Defendant and Relief Defendant shall, within five (5) business days following the service of this Order:

A. Provide the Temporary Receiver with a full detailed accounting of all funds, records, and assets, including the assets inside and outside of the United States that are held by each Defendant and Relief Defendant, for their benefit, or under their direct or indirect control, whether jointly or singly;

B. Transfer to the territory of the United States and deliver to the possession, custody, and control of the Temporary Receiver all records, funds, and assets (other than real property) located outside of the United States that are held by each Defendant and Relief Defendant for their benefit or under their direct or indirect control, whether jointly or singly; and

C. Provide the Temporary Receiver access to all records of accounts or assets of Defendants and Relief Defendant held by financial or brokerage institutions located within or outside the territorial United States by signing any necessary consent forms.

**IT IS FURTHER ORDERED** that, absent a valid assertion by Defendants and/or Relief Defendants of their individual rights against self-incrimination under the Fifth Amendment, Defendants and Relief Defendants shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the Temporary Receiver a detailed and complete schedule of all passwords and identification (ID) numbers for all websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial institution or brokerage firm (including any introducing broker, futures commission merchant, or off-exchange trading account) controlled or operated by Defendants and Relief Defendants or to which Defendants

and Relief Defendants have access in connection with their business activities and business and personal finances.

**IT IS FURTHER ORDERED** that, absent a valid assertion by Defendants and/or Relief Defendants of their individual rights against self-incrimination under the Fifth Amendment, Defendants shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the Temporary Receiver a detailed and complete schedule of all passwords to, and the location and make and model of, all computers and mobile electronic devices owned and/or used by Defendants and Relief Defendants in connection with their business activities and business and personal finances. The schedules required by this section shall include at a minimum the make, model, and description of each, along with the location, the name of the person primarily assigned to use the computer and/or mobile device, and all passwords necessary to access and use the software contained on the computer and/or mobile device.

**III. TURNING OVER PROPERTY TO THE TEMPORARY RECIEVER**

**IT IS FURTHER ORDERED** that upon service of this Order, and absent a valid assertion by Defendants of their individual rights against self-incrimination under the Fifth Amendment, Defendants, Relief Defendants, and any other person or entity served with a copy of this Order, shall immediately, or within such time as permitted by the Temporary Receiver in writing, deliver over to the Temporary Receiver:

A. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

B. Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to all books and records of accounts, all financial and accounting records, balance sheets, income statements,

6

bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other records of the Receivership Defendants;

C. Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendants;

D. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, including but not limited to access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices or other property; and

E. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

## IV. DIRECTIVE TO COOPERATE WITH TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that, absent a valid assertion by Defendants and/or Relief Defendants of their individual rights against self-incrimination under the Fifth Amendment, Defendants, Relief Defendants, and all other persons or entities served with a copy of this Order, shall cooperate fully with and assist the Temporary Receiver. This cooperation and assistance shall include, but is not limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise her authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Temporary Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Temporary Receiver.

**V. STAY ON ACTIONS AGAINST THE RECEIVERSHIP DEFENDANTS**

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, Defendants, Relief Defendants, and all other persons and entities be and hereby are stayed from taking any action (other than the present action by the Commission) to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, the Temporary Receiver, the receivership assets, or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to the following actions:

A. Petitioning, or assisting in the filing of a petition, that would cause the Receivership Defendants to be placed in bankruptcy;

B. Commencing, prosecuting, litigating or enforcing any suit or proceeding against any of the Receivership Defendants, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

C. Commencing, prosecuting, continuing or entering any suit or proceeding in the name or on behalf of any of the Receivership Defendants or any of their subsidiaries or affiliates;

D. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendants' interests in property, including without limitation the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

E. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon, any property, wherever located, owned by or in the possession of the Receivership Defendants, or any of their subsidiaries or affiliates, or the Temporary Receiver, or any agent of the Temporary Receiver; and

F. Doing any act or thing whatsoever to interfere with the Temporary Receiver taking control, possession, or management of the property subject to the receivership, or to in any way interfere with the Temporary Receiver or to harass or interfere with the duties of the Temporary Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants or their subsidiaries or affiliates pending a ruling on Plaintiff's Motion for Preliminary Injunction;

G. Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendants.

**VI. COMPENSATION FOR TEMPORARY RECEIVER AND PERSONNEL HIRED BY THE TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. However, the Temporary Receiver and any personnel hired by the Temporary Receiver shall not be compensated or reimbursed by, or

9

otherwise be entitled to, any funds from the Court or the Commission. The Temporary Receiver shall file with the Court and serve on the parties' periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety (90) days after the date of this Order. The requests for compensation shall itemize the time and nature of services rendered by the Temporary Receiver and all personnel hired by the Temporary Receiver.

## VII. PERSONS BOUND BY THIS ORDER

**IT IS FURTHER ORDERED** that this Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants or Relief Defendants, or who is in active concert or participation with Defendants or Relief Defendants.

## VIII. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including via email or facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any records or assets of any Defendant or Relief Defendants, or that may be otherwise subject to any provision of this Order.

## IX. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until the hearing on Plaintiff's Expedited Motion for Preliminary Injunction or further order of this Court, and the Court shall retain jurisdiction of this matter to enforce this Order.

**DONE AND ORDERED** in Chambers in Chicago, Illinois, this 11th day of May, 2022.

*Mary M Rowland*
**U.S. District Court Judge**