UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | Case No. 1:22-CV-02465 |
| Plaintiff, | Hon. Mary M. Rowland |
| v. | |
| **SAM IKKURTY A/K/A SREENIVAS I RAO, RAVISHANKAR AVADHANAM, AND JAFIA LLC** | |
| Defendants, | |
| **IKKURTY CAPITAL, LLC D/B/A ROSE CITY INCOME FUND, ROSE CITY INCOME FUND II LP, AND SENECA VENTURES, LLC** | |
| Relief Defendants. | |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS SAM IKKURTY a/k/a SREENIVAS I RAO, RAVISHANKAR AVADHANAM, AND JAFIA, LLC, AND RELIEF DEFENDANTS IKKURTY CAPITAL, LLC d/b/a ROSE CITY INCOME FUND, ROSE CITY INCOME FUND II LP, AND <u>SENECA VENTURES, LLC</u>**

On May 10, 2022, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against Defendants Sam Ikkurty a/k/a Sreenivas I Rao ("Ikkurty"), Ravishankar Avadhanam ("Avadhanam") and Jafia, LLC ("Jafia") (collectively the "Defendants"), and Relief Defendants Ikkurty Capital LLC d/b/a Rose City Income Fund, Rose City Income Fund II LP ("the Rose City funds") and Seneca Ventures LLC ("Seneca," and together "Relief Defendants"), seeking injunctive and other equitable relief for alleged violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1-26. On May 11, 2022, the

Court entered an *ex parte* Statutory Restraining Order and Appointed a Temporary Receiver. The Statutory Restraining Order freezes the Defendants' and Relief Defendants' assets, prohibits them from destroying books and records or denying the CFTC access to their books and records, and provides for other relief.

Defendants, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction Against Defendants and Relief Defendants ("Consent Order"), except as to jurisdiction and venue, which they admit, hereby consent to the entry of this Order. Defendants further state that their consent is entered into voluntarily and that no promise or threat has been made by the CFTC or any member, officer, agent, or representative thereof to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS:**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1345 (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). This Court has jurisdiction over the subject matter of this action and Defendants and Relief Defendants pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendants transacted business in this District, Defendant Avadhanam resides in this District, and certain acts and practices in violation of the Act are alleged to have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendants and Relief Defendants acknowledge service of the summons and Complaint.

4. Defendants and Relief Defendants waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Federal Rule of Civil Procedure 52(a)(2).

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

5. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, securities, contracts (including spot, futures, options or swaps contracts), insurance policies, and all funds, whether in the United States or outside the United States.

6. "Document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. "Ikkurty" refers to Defendant Sam Ikkurty a/k/a Sreenivas I Rao and all persons insofar as they are acting in the capacity of Ikkurty's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation

with Ikkurty who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

8. "Avadhanam" refers to Defendant Ravishankar Avadhanam and all persons insofar as they are acting in the capacity of Avadhanam's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Avadhanam who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

9. "Jafia" refers to Defendant Jafia, LLC and all persons insofar as they are acting in the capacity of Jafia's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Jafia who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

## II. INJUNCTION

10. Pending further order of the Court, Defendants are restrained and enjoined from:

   A. Violating Sections 4*o*(1)(A) and (B) and 6(c) of the Act, 7 U.S.C. §§ 6*o*(1)(A) and (B), 9(1), as alleged in the Complaint;

   B. Violating Section 4m(1) of the Act, 7 U.S.C. § 6m(1), as alleged in the Complaint;

   C. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a);

   D. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2021)) ("commodity options"), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, 7 U.S.C. § 1a(47), and further defined by 17 C.F.R. § 1.3, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, 7 U.S.C. §§ 2(c)(2)(B), 2(c)(2)(C)(i)) ("forex contracts"), for any personal or proprietary account or for any account in which he has a direct or indirect interest;

  E. having any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on their behalf;

  F. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

  G. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity in interstate commerce, commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

  H. applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2021); and

  I. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2021)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9).

### III. ASSET FREEZE

11. Defendants and Relief Defendants are restrained and enjoined, except as otherwise ordered by this Court, from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any assets, wherever located, including Defendants' and Relief Defendants' assets held outside the United States, or as otherwise ordered by the Court. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Consent Order, as well as accounts not specifically identified below.

12. Pending further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property

5

of Defendants and/or Relief Defendants, or has held, controlled, or maintained custody of any funds, assets, or other property of Defendants', Relief Defendants' or any of their customers' and who receives actual notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

    A.    prohibit Defendants, Relief Defendants, or other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as directed by further order of the Court;

    B.    deny Defendants, Relief Defendants and any other person access to any safe deposit box that is:

        1.    titled in the name of or maintained by Defendants or Relief Defendants, whether individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Defendants or Relief Defendants; or

        2.    otherwise subject to the control of or access by Defendants or Relief Defendants; and

    C.    cooperate with all reasonable requests of the CFTC and Receiver relating to implementation of this Order, including producing records related to Defendants' and Relief Defendants' accounts and trading activities, provided Defendants Ikkurty and Avadhanam shall not be required to cooperate in any way that waives their Fifth Amendment privileges.

13.    Pending further order of the Court, any bank, financial or brokerage institution, FCM, forex dealer, entity, or person that holds, controls, or maintains custody of (or has held, controlled, or maintained custody of) any account or asset titled in the name of Defendants and/or Relief Defendants either individually, jointly, or in any other capacity, or that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants or Relief Defendants, and who receives actual notice of this Order by any means, including email, facsimile, United Parcel Service, or Federal Express, shall:

    A.    provide counsel for the Commission and Receiver, within ten business days of receiving a copy of this Order, a statement setting forth:

6

1. the identification number of each such account, or the name and description of each such asset;

2. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. the identification of any safe deposit box that is titled in the name of Defendants or Relief Defendants, either individually, jointly, or in any other capacity, or that is otherwise subject to the control of or access by Defendants or Relief Defendants, or any other person on behalf of Defendants or Relief Defendants; and

B. upon request by the Commission or Receiver, promptly provide the Commission and/or Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

14. At the request of the Receiver, Defendants and any other person who has possession, custody, or control of any of Defendants' funds, assets, or other property shall transfer possession of all funds, assets, or other property subject to this Order to the Receiver in accordance with the SRO and this Order.

## IV. ACCOUNTING

15. Defendants shall prepare, sign, and provide to the CFTC, within 15 days of the date of entry of this Consent Order, the Financial Disclosure Statement CFTC Form 12, or a similar attestation of assets as agreed upon by the parties.

16. To further facilitate meaningful inspection and review, Defendants shall cooperate with the CFTC and Receiver to the extent necessary to identify the location of any and all documents that establish an accounting of all funds received by Defendants and/or Relief Defendants from customers or other persons in connection with commodities in interstate

7

commerce, commodity futures transactions, or purported commodity futures transactions into any accounts bearing their names and/or to which they are a signer, including the names, mailing addresses, email addresses, and telephone numbers of any such persons from whom they received such funds, and all disbursements for any purpose whatsoever of funds received from customers, including salaries, commissions, fees, loans, and other disbursements of money or property of any kind.

17. To the extent not previously completed, Defendants and Relief Defendants shall immediately identify to the Commission and Receiver and provide an accounting for all assets and property that they currently maintain outside the United States, including, but not limited to, all funds on deposit in any financial institution, FCM, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of Defendants and/or Relief Defendants, whether jointly or otherwise, and requiring them to repatriate all funds held in such accounts by paying them to the Receiver, or as otherwise ordered by the Court, for further disposition in this case.

18. Defendants shall produce to the Commission and Receiver, within 15 days of the date of entry of this Consent Order, all books, records, and other documents supporting or underlying the accountings referenced in this Consent Order that are in their possession.

## V. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

19. Defendants, Relief Defendants and all persons or entities who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or

indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendants or Relief Defendants.

## VI. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

20. Defendants shall, to the extent not previously provided or seized by the CFTC or Temporary Receiver, continue to allow representatives of the CFTC and Receiver to inspect the books, records, and other documents of Defendants, Relief Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendants, Relief Defendants, or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

21. To further facilitate meaningful inspection and review, Defendants shall, to the extent not previously provided to or seized by the CFTC or the Temporary Receiver, promptly provide Commission and Receiver staff with:

   a. the location of all records relating or referring to the business activities and business and personal finances of Defendants and Relief Defendants;

   b. all identification numbers and other identifying information for websites, cloud storage services, email and smartphone accounts, and all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures commission merchant) owned, controlled or operated by Defendants and Relief Defendants, or to which the Defendants and Relief Defendants have access; and

   c. all passwords to, and the location, make and model of, all computers and/or mobile electronic devices owned and/or used by Defendants or Relief Defendants in connection with their business activities and business and personal finances.

22. Nothing herein shall preclude the CFTC or Receiver from providing materials obtained from Defendants or Relief Defendants to any other government agency pursuant to a lawful access request by such agency.

## VII.  APPOINTMENT OF RECEIVER

23. James Kopecky, previously appointed by the Court as Temporary Receiver pursuant to the SRO, is appointed Receiver with the full powers of an equity receiver for Defendants Ikkurty, Avadhanam, Jafia and their affiliates or subsidiaries owned or controlled by Defendants, including but not limited to, Jafia, LLC, Ikkurty Capital, LLC d/b/a Rose City Income Fund, Rose City Income Fund II LP and Seneca Ventures, LLC (hereinafter referred to as the "Receivership Defendants"), and of all records, and all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants (hereinafter, the "Receivership Estate").

24. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

25. The directions, authorizations, duties, and powers of the Temporary Receiver under the SRO are granted in full to the Receiver, James Kopecky, and incorporated in full herein as part of the Order.  Receiver shall not, however, distribute Assets to investors before entry of a Permanent Injunction without approval from the Court after notice to Defendants.

26. Defendants and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

27. Upon service of this Order, and to the extent the Defendants have not done so pursuant to the SRO, Defendants and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver, including but not limited to:

   a. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

   b. Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Defendants;

   c. Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendants;

   d. All keys, computer or cloud computing passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, including but not limited to, access to the Receivership Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices or other property; and

   e. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

## VIII. STAY

28. Pending further order of the Court, Defendants are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of Defendants, including, but not limited to, the following actions:

   A. commencing, prosecuting, litigating, or enforcing any suit (except that actions may be filed to toll any applicable statute of limitations);

   B. accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, taking or attempting to take possession of, or retaining possession of property of Defendants or any property claimed by Defendants, or attempting to foreclose, forfeit, alter, or terminate any of Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

      C.      using self-help or executing, issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding, taking possession of, interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendants; and

      D.      doing any act or thing to interfere with the exclusive jurisdiction of this Court over funds, assets, or other property of Defendants.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## IX. SERVICE

29.    Copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants or that may be subject to any provision of this Order. CFTC employees are hereby specially appointed to serve process, including this Order and all other papers in this case.

## X. BOND NOT REQUIRED OF PLAINTIFF OR RECEIVER

30.    Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the CFTC, which is an agency of the United States of America. The Receiver is similarly not required to post bond.

## XI. SERVICE ON THE COMMISSION

31.    Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Candice Haan, Senior Trial

Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 77 West Jackson Boulevard, Suite 800, Chicago, Illinois, 60604, chaan@cftc.gov and/or by filing such pleadings or other materials electronically with the Court.

### XII. STATUTORY RESTRAINING ORDER SUPERSEDED

32. This Consent Order supersedes the Statutory Restraining Order entered by the Court on May 11, 2022 (ECF No. 17).

### XIII. COURT MAINTAINS JURISDICTION

33. This Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

IT IS SO ORDERED.

DONE, this the 18th day of July, 2022.

**Hon. Mary M. Rowland**
**UNITED STATES DISTRICT JUDGE**

Consented to and approved by:

/s/Candice Haan
Candice Haan
ARDC #6315007
Senior Trial Attorney
U.S. Commodity Futures Trading Commission
77 West Jackson Boulevard, Suite 800
Chicago, Illinois 60604
(312) 596-0677
chaan@cftc.gov

13

/s/David Terrell
David Terrell,
Federal Bar No. 19-205
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
77 West Jackson Boulevard, Suite 800
Chicago, Illinois 60604
(312) 596-0539
dterrell@cftc.gov


/s/Jaimie L. Nawaday
Jaimie L. Nawaday
Partner
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1220
nawaday@sewkis.com


/s/ Daniel J. Collins
Partner
Katten Muchin Rosenman LLP
525 West Monroe
Chicago, Illinois 60661
(312) 902-5434
Daniel.collins@katten.com